IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD JOSEPH BILINSKI,<br><br>    *Plaintiff*,<br><br>  v.<br><br>WILLS EYE HOSPITAL, *et al.*,<br><br>    *Defendants*. | CIVIL ACTION<br>NO. 16-02728 |

**PAPPERT, J.**                                    **OCTOBER 26, 2016**

<u>**MEMORANDUM**</u>

  Plaintiff Ronald Bilinski filed suit on June 3, 2016 purporting to bring claims under the United States Constitution, 14 different criminal statutes, the Food, Drug & Cosmetic Act, the federal regulations regarding the "Protection of Human Subjects" in research, the False Claims Act, Title VII of the 1964 Civil Rights Act, the Clayton Act, the Emergency Medical Treatment and Active Labor Act, the Americans with Disabilities Act and Pennsylvania tort law for what appears to be an underlying case of alleged medical malpractice. Bilinski asserts that Dr. Samuel K. Houston, III "started the case" when he negligently and without Bilinski's consent performed an unnecessary operation on Bilinski's right eye. The surgery allegedly left Bilinski blind.

  In his amended complaint, however, (ECF No. 6), Bilinski names 27 defendants ranging from Houston to doctors he has never encountered, hospital administrators, secretaries and administrative assistants, alleging that all of them are "collaborators" in a scheme to operate a "monopoly" and "giant criminal empire" by telling the world they are the best, ripping off government medicare with unnecessary operations and false records, covering up injuries and protecting doctors who have committed malpractice by fixing records and lying to or threatening injured patients.

1

Bilinski is *pro se*[1] and the Court, in an effort to understand the nature of his grievances, held a status hearing on October 11, 2016. At that hearing, Bilinski provided the Court with background information on his case, including the facts that "when [he] was 14 years old the President of the United States, 1965, Lyndon Byrd Johnson . . . said to [him], you got three wishes," that Johnson directed the FBI to provide him with dogs to protect his family, that he is one of the greatest artists in the world and has done art for Bill Clinton and Aretha Franklin among others, that he "was the guy to tell Malcolm Forbes to go get a motorcycle if he wants to impress a woman" and that Donna Gambino refused to give him a pair of glasses after the operation on his eye because her husband has always been jealous of the Bilinski's brother's toy train collection, which is allegedly one of the largest in the world. (Tr. of Status Hearing, ECF No. 101, 25:10–19, 29:3–11, 32:2–8, 32:13–17, 33:11–16, 36:5–38:17.)

Bilinski has filed several motions asking the Court, among other things, to (i) order the production of video camera tapes and tape recordings (ECF Nos. 8, 9, 10, 63, 66, 67 and 91), (ii) establish a federal rule named after him ("Blind Man Bilinski's Rule") (ECF No. 62) and (iii) add to his complaint claims under yet another statute, the Sherman Act (ECF Nos. 76 and 104). On October 24, 2016 Bilinski filed a 56-page "Summary Motion for Judgment of 100 Million Dollars." (ECF No. 105). The Court considers here three Motions to Dismiss—ECF Nos. 86, 87 and 92—filed on behalf of various Defendants.[2] For the reasons that follow, ECF No. 92 is granted in full and ECF Nos. 86 and 87 are granted in part.

---

[1] Bilinski apparently called several lawyers in Philadelphia and attempted to utilize the Philadelphia Bar Association Referral Service in an effort to obtain counsel but was unsuccessful. (Tr. of Status Hearing, ECF No. 101, 5:3–17.)

[2] ECF No. 86 is filed on behalf of Dr. Robert S. Bailey, Jr., Donna Gambino, Retinovitreous Associates, Ltd. (incorrectly named as Mid Atlantic Retina, Retino Viteous Assoc. Ltd. And Mid Atlantic Retina Practice), Rhonda Colclough (incorrectly named as Rhonda Ceretelle and Rhonda Colclough), John Duemell, Ed Weber, Kristen Winkelspecht (incorrectly named as Winkel Spect), Barbara Brown, Dr. David C. Reed, Dr. Sonia Mehta (incorrectly named as Dr. Sonja Mehta) and Dr. Samuel K. Houston, III.

**I.**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "mere possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must construe the complaint in the light most favorable to the plaintiff. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016) (citations omitted). However, a court need not accept as true inferences drawn by the plaintiff that are unsupported by facts. *See Cal. Pub. Emps.' Ret. Sys. V. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*, 550 U.S. at 555 (2007) (citations and alterations omitted); *see Iqbal*, 556 U.S. at 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

---

ECF No. 87 is filed on behalf of Wills Eye Hospital, Wills Eye Institute, Wills Eye Ophthalmology Clinic, Inc., Joseph P. Bilson, Dr. Julia A. Haller, "Yla, Secretary to Dr. Julia A. Haller," "Lisa, Secretary to Julia A. Haller," Michael Allen, Licensed Legal Counsel for Wills Eye, Wills Eye Foundation and Sarah Rapuano.

ECF No. 92 is filed on behalf of Michael Anthony Dellavecchia.

Under *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. *See Connelly*, 809 F.3d at 787. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

## II.

All claims asserted under the First and Fourteenth Amendments to the United States Constitution are dismissed because Bilinski has not alleged state action. Suits to enforce constitutional rights are brought pursuant to 42 U.S.C. § 1983, under which private citizens or private, non-governmental corporations are not liable. See *Delprato v. Day Chevrolet, Inc.*, 427 Fed. App'x 86, 88 (2d Cir. 2011). Rather, a lawsuit under § 1983 must allege state action. *Id.* Bilinski fails to allege state action; his claims relate instead to private actions taken in the context of providing medical care. *See Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 08-5704, 2009 WL 1838337, at *5 (E.D. Pa. June 25, 2009) ("The provision of hospital services is not a traditional public function exclusively reserved for the State.")

All claims asserted under criminal statutes (18 U.S.C. §§ 241, 242, 249, 286, 287, 371, 1344, 1346, 1347, 1503, 1512, 1514, 1518 and 1519) are dismissed because these statutes do not provide private causes of action.[3] All claims asserted under the Food, Drug and Cosmetic Act

---

[3] *See, e.g.*, *Watson v. Washington Tp.*, 413 Fed. App'x 466, 468 (3d Cir. 2011) (holding that there is no private cause of action under § 241); *Davis v. Norwood*, 614 Fed. App'x 602, 605 (3d Cir. 2015) (same for § 242); *Wolfe v. Beard*, No. 10-2566, 2011 WL 601632, at *3 (E.D. Pa. Feb. 15, 2011) (same for § 249); *Winston v. Daniels*, No. 1:10-74, 2011 WL 2680282, at *16 (W.D. Pa. July 8, 2011) (same for § 286); *Weber v. Henderson*, No. 4029, 2001 WL 34377581, at *5 (E.D. Pa. Dec. 14, 2001) (same for § 287); *Fairfax v. Astrue*, No. 09-2160, 2010 WL 4703554, at *6 (E.D. Pa. Nov. 18, 2010), *aff'd sub nom. Fairfax v. Comm'r of Soc. Sec.*, 443 F. App'x 730 (3d Cir. 2011) (same for § 371); *Jung v. Bank of Am.*, No. 3:16-00704, 2016 WL 5929273, at *3 (M.D. Pa. Aug. 2, 2016)

(21 U.S.C. § 803) are also dismissed because the statute does not provide a private cause of action. *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001) (citing 21 U.S.C. § 337(a)). Likewise, all claims asserted under the federal regulations regarding the "Protection of Human Subjects" in research (45 C.F.R. §§ 46.101, 46.115, 46.116 and 46.117) are dismissed because the relevant statute does not provide a private cause of action. *Thomas v. Catlin*, 141 Fed. App'x 673, 674 (9th Cir. 2005); *Robinett v. United States*, 62 F.3d 1433, at *1 (Fed. Cir. 1995).

All claims asserted under the False Claims Act (31 U.S.C. § 3729) are dismissed because Bilinski failed to comply with various filing and service requirements and, in any case, is precluded from pursuing a *qui tam* action on behalf of the Government due to his status as a *pro se* litigant. While a private person may bring a civil action for a violation of 31 U.S.C. § 3729, the statute mandates that "the action shall be brought in the name of the Government." 31 U.S.C. § 3730(b)(1). Furthermore, "[a] copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4)" and "[t]he complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2). Bilinski's failure to comply with these requirements alone warrants dismissal with prejudice. *See U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 999 (2d Cir. 1995). However, even absent this omission, Bilinski is precluded from pursuing a *qui tam*

---

(same for § 1344); *McCann v. Falato*, No. 14-4896, 2015 WL 6445859, at *3 (D.N.J. Oct. 23, 2015) (same for § 1346); *Jason v. Grp. Health Co-op. Inc.*, 530 F. App'x 630, 631 (9th Cir. 2013) (same for § 1347); *Wolk v. United States*, No. 6394, 2001 WL 1735258, at *7 (E.D. Pa. Oct. 25, 2001), *aff'd sub nom. Wolk v. Nat'l Transp. Safety Bd.*, 45 F. App'x 188 (3d Cir. 2002) (same for § 1503); *Jung*, 2016 WL 5929273, at *3 (same for § 1512); *Boswell v. Bentzoni*, No. 3:08-915, 2008 WL 2914372, at *2 (M.D. Pa. July 23, 2008) (same for § 1514); *Cohen v. Nevada*, No. 3:07-00043, 2007 WL 4458174, at *2 (D. Nev. Dec. 13, 2007) (same for § 1518); *Carpenter v. Young*, No. 04-927, 2004 WL 1858353, at *3–4 (E.D. Pa. Aug. 3, 2004) (same for §1519).

action on behalf of the Government due to his *pro se* status. *See Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015).

All claims asserted under Title VII of the 1964 Civil Rights Act (42 U.S.C. § 2000) are dismissed because this statute prohibits unlawful employment practices by employers and Bilinski has not alleged that he was an employee of any of the Defendants. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (upholding dismissal of Title VII claims where plaintiff made no averments that defendants employed him).

All claims brought under the Clayton Act (15 U.S.C. §§ 18 and 19) are dismissed as Bilinski has not alleged any facts relevant to the substance of these two statutes or any harm allegedly suffered due to statutorily-proscribed conduct. Section 7 of the Clayton Act concerns the acquisitions of corporate stock or assets the effect of which "may be substantially to lessen competition, or to tend to create a monopoly." 15 U.S.C. § 18. Section 7 provides a private cause of action to protect business interests from interference, *Williamson v. Columbia Gas & Elec. Corp.*, 110 F.2d 15, 18 (3d Cir. 1939), and claims must show demonstrable anti-competitive effects. *See Fed. Trade Commission; v. Penn State Hershey Med. Ctr.*, No. 16-2365, 2016 WL 5389289, at *12 (3d Cir. Sept. 27, 2016). Section 8 of the Clayton Act prohibits a person from being a director or officer of two or more competing corporations when certain monetary thresholds are met. 15 U.S.C. § 19. Bilinski's bare assertions that Defendants were part of a "monopoly," (Pl.'s Am. Compl., ECF No. 6, Ex. C, at 11), and that he was injured through alleged professional malpractice are insufficient to state a claim under the Clayton Act.

All claims asserted under the Emergency Medical Treatment and Active Labor Act (EMTALA) (42 U.S.C. § 1395dd) are dismissed because the statute does not apply to Bilinski's allegations. EMTALA requires hospitals to give individuals who present for emergency

treatment appropriate medical screening and stabilization of known emergency medical conditions and labor. The statute also restricts the transfer of unstabilized individuals to outside hospital facilities. 42 U.S.C. § 1395dd(a)–(c). EMTALA was enacted to address a practice known as "patient dumping." *Torretti v. Main Line Hosps., Inc.*, 580 F.3d 168, 172–73, *amended* 586 F.3d 1011 (3d Cir. 2009). Bilinski alleges that he was "dumped" as a patient when he was transferred from Dr. Reed to Dr. Mehta. (Pl.'s Am. Compl., Ex. B, at 8–11.) EMTALA's requirements, however, are only triggered "when an individual comes to the emergency department," and the statute "does not apply to outpatients, even if during an outpatient encounter they are later found to have an emergency condition . . . and are then transported to the hospital's dedicated emergency department." *Toretti*, 580 F.3d at 176. EMTALA does not apply to Bilinski's allegations.

All claims asserted under the Americans with Disabilities Act (ADA) (42 U.S.C. §§ 12101, 12203 and 12182) are dismissed because Bilinski has not alleged facts establishing that he has standing to bring a claim under the statute. Bilinski neither alleges any facts supporting a claim under the ADA nor specifies the theory under which he is entitled to relief under the ADA. To the extent Bilinski is relying on Title III of the statute, it provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. Bilinski fails to allege facts establishing standing under the ADA, including a **discrimination-related** injury and causation. *See Reviello v. Philadelphia Fed. Credit Union*, No. 12-508, 2012 WL 2196320, at *4–5 (E.D. Pa. June 14, 2012) (emphasis added). Bilinski alleges that he is disabled, received an allegedly unnecessary and negligently-

7

performed operation without informed consent and that the Defendants subsequently "turned on him" and collaborated to cover it up. (Pl.'s Am. Compl., Ex. B, at 3–4). Because Bilinski does not allege that he suffered discrimination based on a disability or relate Defendants' actions to his disability, he lacks standing.

### III.

The only claims remaining are those apparently brought under Pennsylvania law related to alleged damages to Bilinski's right eye as the result of a June 16, 2014 operation. *See* (Pl.'s Am. Compl., Ex. C, at 3–5). Bilinski alleges that on that date, Dr. Houston negligently performed an unnecessary operation on Bilinski's right eye without his consent. (*Id.*) He alleges that the operation "ruined [his] 20-20 vision in [his] good right eye," (*Id.* at 5), rendering him blind, (*Id.* at 10). Rule 1042.3 of the Pennsylvania Rules of Civil Procedure requires that all professional liability claims (including those premised on medical negligence and lack of informed consent) be supported by a Certificate of Merit ("COM") filed within sixty days of the filing of the complaint. Pa. R. C. P. 1042.3(a).[4] Because Bilinski filed his complaint on June 3, 2016, he should have filed a COM by, at the latest, August 2, 2016.

On August 22, 2016 Defendants filed a Notice of Intention to Enter Judgment of Non Pros on professional liability claims providing notice to Bilinski regarding the need for COMs.

---

[4] The rule states that in any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, a plaintiff must file with the complaint or within sixty days of filing the complaint a COM signed by the attorney or party certifying that: (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside the acceptable professional standards and that such conduct was a cause in bringing about the harm, (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or (3) expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim. Pa. R. C. P. 1042.3(a)(1)–(3).

The Third Circuit has held that the Pennsylvania Rules of Civil Procedure regarding Certificates of Merit ("COMs") are substantive law and therefore must be applied by federal courts sitting in diversity. *See, e.g.*, *Iwanejko v. Cohen & Grigsby, P.C.*, 249 Fed. App'x 938, 944 (3d Cir. 2007).

(ECF No. 55.) On September 8, 2016 Bilinski filed a 55-page response including at page 6 a "Certificate of Merit" form in which he indicated that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against the defendants." (ECF No. 61, at 6.) At the status hearing (ECF No. 101), Bilinski again stated that he did not need to file a COM. However, he appeared confused about the COM requirement generally and the ramifications it has on his case.[5]

Under Pennsylvania law, to state a prima facie case for medical malpractice, a plaintiff must establish the elements of duty/standard of care, breach, proximate causation and damages. *Freed v. Geisinger Med. Ctr.*, 971 A.2d 1202, 1206 (Pa. 2009), *on reargument*, 5 A.3d 212 (Pa. 2010) (citing *Hightower-Warren v. Silk*, 698 A.2d 52, 54 (Pa. 1997). Expert testimony is generally required to establish these elements. *Id.* "The exception to the requirement of expert testimony in medical malpractice actions applies where the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons." *Hightower-Warren*, 698 A.2d at 54 n.1 (citing *Jones v. Harrisburg Polyclinic Hosp.*, 437 A.2d 1134, 1137 (Pa. 1981)).

Bilinski's claims concern ophthalmologic care and procedures, the medical status and assessment of his eyes and a surgery that he alleges was unnecessary, negligently-performed and resulted in substantial damage to his right eye. These matters are not so simple or obvious as to be within the experience and comprehension of laypersons and will require Bilinski to present expert testimony to establish the elements of duty/standard of care, breach, proximate causation

---

[5] At the status conference hearing, with respect to the COM, Bilinski stated that he "called the State of Pennsylvania" and "[t]hey sent [him] the pages [he] gave [the Court] and the last page says . . . it's unnecessary to have another doctor." (Tr. of Status Hearing, ECF No. 101, 45: 5–10.) He expressed his belief that the COM was unnecessary "[b]ecause the agreement on the 19th of June for . . . Dr. Reed to come back on the 23th and straighten my eye out." (*Id.* at 45:10–13.) Bilinski further stated "[y]ou don't need a doctor when you're only dealing with them. Who the hell was I going to go to? They're supposed to be the world's best, but when they injure somebody they don't want – they try to cover it up." (*Id.* at 45:15–19.)

and damages. *See Freed*, 971 A.2d at 1206 (Pa. 2009). Moreover, pursuant to the Medical Care Availability and Reduction of Error (MCARE) Act, expert testimony is **required** for claims of lack of informed consent to establish that the procedure at issue falls within the purview of such a claim and to identify the risks of the procedure, alternatives to that procedure and the risks of the alternatives. 40 P.S. § 1303.504(c) (emphasis added). Thus, in order to prevail on a medical malpractice claim (under either the theory that Dr. Houston performed the operation without Bilinski's informed consent or deviated from the required standard of care), Bilinski needs expert evidence. And in order to present expert evidence, Bilinski must acquire and file COM(s) as well as the requisite written statement(s) from an appropriate licensed professional.[6]

Because Bilinski is proceeding *pro se* and appears confused by the language in Rule 1042.3 suggesting that expert testimony is not always necessary, the Court grants him 30 more days to file the requisite Certificates of Merit(s) and accompanying written statement(s) necessary to support his medical malpractice claim(s). If Bilinski fails to file the COM(s) and written statement(s) by or before November 28, 2016, his medical malpractice claims will be dismissed with prejudice.

All of Bilinski's claims asserted under the United States Constitution, federal criminal statutes, the FD&C Act, the federal regulations regarding the "Protection of Human Subjects," the False Claims Act, Title VII, the Clayton Act, EMTALA and the ADA are dismissed with prejudice. All of the Defendants sued exclusively under these provisions are accordingly dismissed from the case. The only Defendants not yet dismissed are those Defendants who may be implicated by Bilinski's allegations of medical malpractice, namely Dr. Samuel K. Houston,

---

[6] Rule 1042.3(e) states that if the COM is not signed by an attorney, the party signing the COM must attach to the COM the written statement from an appropriate licensed professional as required by (a)(1) and (2) of the rule. Pa. R. C. P. 1042.3(e).

10

III, Retinovitreous Associates, Ltd., Wills Eye Hospital, Wills Eye Institute, Wills Eye Ophthalmology Clinic, Inc. and the City of Philadelphia Trust.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.